## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PEREZ FUNCHES,                          )
                                        )
    Plaintiff,      )
                                        )
vs.                                     )  CIVIL NO. 07-226-JPG
                                        )
RACHEL L. EBBERT, SHARON                )
McCORKLE, ROBERT A. KUNTZ, NEIL         )
C. BANTICAN, TIMOTHY LOVE,              )
DERWIN L. RYKER, and ROGER E.           )
WALKER, JR.,                            )
                                        )
    Defendants.     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*[1]  Also before the Court is Plaintiff's motion to appoint counsel (Doc. 3).  Plaintiff's *pro se* complaint is divided into five enumerated counts.  After reviewing the complaint, however, the Court finds it appropriate to rearrange these counts  into seven counts, as stated below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

  **COUNT 1:**  Against Defendants Ebbert and McCorkle for denying Plaintiff access to the courts.

---

[1]Plaintiff submitted his motion to proceed *in forma pauperis* while he was confined at the Lawrence Correctional Center.  On May 15, 2007, Plaintiff notified the Court that he had been transferred to the Dixon Correctional Center (Doc. #5).

**COUNT 2:**    Against Defendants Ebbert and McCorkle for retaliating against Plaintiff by denying Plaintiff access to the courts because Plaintiff had filed grievances against them.

**COUNT 3:**    Against Defendant Ebbert for interfering with Plaintiff's rights to petition the government for the redress of grievances, in violation of Plaintiff's rights under the First Amendment.

**COUNT 4:**    Against Defendant Ebbert for retaliating against Plaintiff by interfering with Plaintiff's right to petition the government for redress of grievances because Plaintiff had filed grievances against Ebbert in violation of Plaintiff's rights under the First Amendment.

**COUNT 5**:    Against Defendants Kuntz and Bantican for denying Plaintiff due process of law in connection with a disciplinary action in violation of Plaintiff's rights under the Fourteenth Amendment.

**COUNT** 6:    Against Defendant Love for denying Plaintiff his right to freely exercise his religion in violation of Plaintiff's rights under the First Amendment and RLUIPA.

**COUNT 7:**    Against Defendant Ryker and Walker for failing to correct the unconstitutional actions taken by their subordinates.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C.

§ 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

2

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).   Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Plaintiff alleges that Defendants Ebbert and McCorkle prevented him from filing a timely petition for a writ of certiorari with the Supreme Court of the United States from an order issued by the Seventh Circuit Court of Appeals denying plaintiff a certificate of appealability. *See Funches v. Hurlick,* Case No. 05-3322 (7th Cir., Nov. 9, 2005) (denying certificate of appealability). Specifically, Plaintiff assets that Ebbert and McCorkle failed to schedule time for him to spend in the law library during a period when the facility was on lock-down.  Plaintiff states that his inability to access the law library prevented him from researching and preparing his petition for a writ of certiorari.   Plaintiff further alleges that the actions of Defendants Ebbert and McCorkle in failing to secure him access to the law library were intentionally taken in retaliation for Plaintiff filing unspecified grievances against Ebbert and McCorkle.

Plaintiff alleges that Defendant Ebbert interfered with his First Amendment free speech rights by confiscating twelve affidavits - signed by Plaintiff and eleven other inmates - Plaintiff had attached to a grievance "regarding living conditions."  Additionally, because plaitniff possessed the affidavits of eleven other inmates, Defendant Ebbert issued  Plaintiff a conduct violation for violating an institutional rule against "petitions, postings, and business ventures."  Plaintiff also claims that Defendant Ebbert's actions were intentionally taken in retaliation for Plaintiff filing unspecified grievances against him.

Plaintiff asserts that Defendants Kuntz and Bantican denied him due process of law in connection with the disciplinary hearing they conducted concerning the violation issued to Plaintiff

3

by Ebbert.  Specifically, Plaintiff claims that the disciplinary decision was not supported by sufficient evidence, that Defendants Kuntz and Bantican were not impartial, that they failed to consider plaintiff's evidence, and that they "lied" in their summary of the disciplinary report.

Plaintiff states that he is an "African Hebrew Israelite" and contends that Defendant Love has denied him his right to freely exercise his religion because Love will not allow group worship services for African Hebrew Israelites at Lawrence Correctional Center.

Plaintiff claims that Defendants Ryker and Walker knew about and approved the actions taken by Defendants Ebbert, McCorkle, Kuntz, Bantican, and Love through Plaintiff's grievances concerning the same which Ryker and Walker merely "rubber stamped."

## Count 1

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969

F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.  A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Plaintiff's complaint spells out "in minimal detail" that he was unable to timely file a petition for a writ of certiorari.  Accordingly, plaintiff may proceed on Count 1 of the complaint against Defendants Ebbert and McCorkle.

## Count 2

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).   The Seventh Circuit, however,  clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006).  *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

In this case, Plaintiff alleges only that the retaliatory conduct (preventing him from accessing the law library) was in response to "grievances past and present" Plaintiff had filed against Ebbert

and McCorkle.  Plaintiff does not specify the particular grievances triggering the retaliation. Furthermore, there is no indication that the subject of these unspecified grievances were of public concern instead of merely personal gripes.  In short, plaintiff has not alleged sufficient facts to state a retaliation claim and, therefore, Count 2 should be dismissed.

## Count 3

Restrictions on an inmate's freedom of speech are valid if they are reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004).  In determining whether a particular restriction on inmate speech is constitutional, the Seventh Circuit considers the following factors: whether the regulation is rationally related to a legitimate governmental objective; whether alternative means of exercising the right remain open to the inmate; what impact an accommodation of the asserted right will have on guards and other inmates; and whether obvious alternatives to the regulation exist that show the regulation is an exaggerated response to prison concerns.  *Turner*, 482 U.S. at 89-91; *Lindell,* 377 F.3d at 657.

Plaintiff appears to assert a claim that his free speech right to present a grievance concerning general prison conditions bolstered by affidavits submitted by other inmates  was denied.  At this early stage case, the Court cannot conclude that Plaintiff's First Amendment claim is entirely without merit.  Therefore, Plaintiff may proceed on Count 3 of the complaint against defendant Ebbert.

## Count 4

As discussed above, prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288

F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).   To qualify as protected speech, however, an inmate's  grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident.  *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006).  Additionally, the inmate must allege "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff alleges only that the retaliatory conduct (confiscating the affidavits and issuing the disciplinary violation) was in response to "grievances past and present" Plaintiff had filed against Ebbert.  Plaintiff does not specify the particular grievance as triggering the retaliation.  Furthermore, there is no indication that the subject of these unspecified grievances were of public concern instead of merely personal gripes.  Again, Plaintiff has not alleged sufficient facts to state a retaliation claim and, therefore, Count 4 should be dismissed.

## Count 5

To establish a procedural due process claim, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property."  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he is confined are substantially

more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

Plaintiff has not alleged what disciplinary sanctions were imposed on him by Defendants Kuntz and Bantican. Moreover, nothing in the complaint suggests that the conditions Plaintiff endured as a result of the discplinary proceeding (if any) were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit and Count 5 of the complaint is dismissed.

## Count 6

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)). Such interests include inmate security and the proper allocation of limited prison resources. *See id.* at 348, 352-53; *Turner,* 482 U.S. at 90; *Al-Alamin,* 926 F.2d at 686.

At this early stage, the Court cannot conclude that the alleged failure of Defendant Love to permit group worship service by inmates who adhere to the religion of "African Hebrew Israelite" is entirely without merit.  Therefore, Plaintiff may proceed against defendant Love on Count 6 of the complaint.

## Count 7

The doctrine of respondeat superior does not apply to § 1983 actions.  *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th cir.  ).  To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Id*; *see also Wolf-Lillie*, 699 F.2d at 869 ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault.").  A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent."  *Chavez*, 251 F.3d at 652.  This definition recognizes that the individual does not have to have participated directly in the deprivation.  *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted).  Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates.  *See Chavez*, 251 F.3d at 651.

Plaintiff alleges that Defendants Walker and Ryker knew about the conduct of defendants Ebbert, McCorkle, and Love by means of grievances they reviewed.  Furthermore, Plaintiff states that Walker and Ryker turned a "blind-eye" to the conduct set forth in the grievances and failed to take corrective action.  As such, Plaintiff may proceed on Count 7 of his complaint against Defendants Ryker and Walker.

## APPOINTMENT OF COUNSEL

There is no absolute right to appointment of counsel in a civil case.  *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).  The determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit.  *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).  After examining the documents submitted to this Court by Plaintiff, it appears that Plaintiff is more than capable of presenting his case and handling the issues involved.

Therefore, applying these standards to the instant case, the Court finds that appointment of counsel is not warranted at this time.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2, COUNT 4,** and **COUNT 5** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **KUNTZ** and **BANTICAN** are **DISMISSED** from this action with prejudice, as there are no claims pending against them.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **EBBERT, McCORKLE, LOVE, RYKER** and **WALKER**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **EBBERT, McCORKLE, LOVE, RYKER** and **WALKER**. in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file

11

the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

      **IT IS SO ORDERED.**

      **DATED: November 9, 2007.**


                        **s/ J. Phil Gilbert**
                        **U. S. District Judge**