# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PEREZ FUNCHES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )      **CIVIL NO. 07-cv-226-JPG-PMF** |
| | ) |
| **RACHEL L. EBBERT,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court upon Plaintiff's Motion for Reconsideration (Doc. 31). This motion asks this Court to reconsider its prior Order (Doc. 24) notifying Plaintiff that the Court would sever Counts 6 and 7 of the complaint from this action, opening a separate case for those claims, and assessing a filing fee for that new case, unless Plaintiff moved to voluntarily dismiss them.

### BACKGROUND

Plaintiff filed the instant complaint alleging deprivations of his constitutional rights and violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. The Complaint was reviewed pursuant to 28 U.S.C. §§ 1915 and 1915A, and seven counts were identified to be used in all future pleadings and orders (Doc. 8). Counts 2, 4, and 5 were dismissed on the basis that those claims were frivolous or failed to state a claim upon which relief could be granted. Consequently, the remaining counts and claims are: Count 1 - against Defendants Ebbert and McCorkle for denial of access to the courts; Count 3 - against Defendant Ebbert for retaliation for exercising a constitutional right; Count 6 - against Defendant Love for denial of religious rights; and Count 7 - against Defendants Ryker and Walker denial of religious rights

related to Defendant Love's actions.

Following the Seventh Circuit's decision in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), this Court undertook a review of the complaint to determine whether the remaining counts could properly proceed in one civil action or whether the claims should be severed into one or more additional civil actions. After a review, this Court found that Counts 1 and 3 of the complaint against Defendants Ebbert and McCorkle could properly proceed in one civil action under Rule 20(a)(2) of the Federal Rules of Civil Procedure, but that Counts 6 and 7 of the Complaint against Defendants Love, Ryker, and Walker should be severed into a separate case.

**THE MOTION**

In his Motion for Reconsideration, Plaintiff argues that the Court has mischaracterized his claims. Specifically, Plaintiff alleges that the complaint asserts claims against Defendants Ryker and Walker not only for approving (or failing to correct) the actions taken by Defendant Love with respect to the violation of Plaintiff's religious rights alleged in Count 6, but also against Ryker and Walker for approving (or failing to correct) the actions of Ebbert and McCorkle which denied him access to the courts and retaliation as alleged in Counts 1 and 3. Therefore, Plaintiff contends that Counts 6 and 7 of the Complaint should not be severed into a separate civil action.

**DISCUSSION**

Plaintiff assumes that he has a valid claim against Defendants Ryker and Walker with regard to Counts 1 and 3. He does not. The gravamen of Plaintiff's complaint against Defendants Ryker and Walker is that these Defendants "rubber stamped" the actions taken by their subordinates when the matters came before them by means of the grievance system. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be

'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The Seventh Circuit has explained that:

> A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted). Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez,* 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")

*Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

In this case, Defendants Ryker and Walker are alleged to have learned about the alleged denial of access to the courts (Count 1) and the alleged retaliation (Count 3) *after* those actions had already occurred and, thus, the constitutional violations had been completed. Such after the fact knowledge does not violate the Constitution. As stated by the Seventh Circuit in *George v. Smith:*

> A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a **completed act of misconduct** does not.

*George v. Smith*, 507 F.3d at 609-10 (emphasis added). Therefore, Plaintiff does not have a valid claim against Defendants Ryker and Walker with regard to Count 1 or Count 3 of the complaint.

In contrast to Counts 1 and 3, which assert a completed act of misconduct, Count 6 (the denial of Plaintiff's religious rights) appears to allege an on-going or continuous violation of Plaintiff's religious rights. Liability under § 1983 may be imposed on Defendants Ryker and Walker for *on-going* misconduct if they knew about it and facilitated it, approved it, condoned it, or turned

3

a blind eye to it for fear of what they might see. *See Sanville v. McCaughtry*, 266 F.3d at 740.

**DISPOSITION**

Plaintiff's Motion for Reconsideration (Doc. 31) is **DENIED.**

Plaintiff's claims against Defendants Ryker and Walker with respect to Count 1 and Count 3 of the complaint are **DISMISSED** pursuant to 28 U.S.C. §§ 1915 and 1915A.

Plaintiff is **ADVISED** that the Court intends to sever the claims asserted in Counts 6 and 7 of the complaint against Defendants Love, Ryker, and Walker. The claims against those Defendants will be removed from this case and opened in a new case. A new case number would be assigned and a second filing fee will be assessed.

Plaintiff is further **ADVISED** that he may move to voluntarily dismiss Counts 6 and 7 within 15 days of the date of this Memorandum and Order. If, within that time, Counts 6 and 7 are voluntarily dismissed, a new case will not be opened and no additional filing fee will be assessed. If Plaintiff does not move to voluntarily dismiss Counts 6 and 7, within the time allowed, those counts will be severed, a separate case will be opened and a second filing fee will be assessed.

Plaintiff is further **ADVISED** that any further motions or pleadings filed in this case seeking either directly or indirectly to reconsider the severance of Counts 6 and 7 into a new case, shall not delay or forestall the severance of said Counts. In short, it is time for Plaintiff to choose either (1) voluntarily dismissing Counts 6 and 7 against Defendants Love, Ryker, and Walker or (2) having a separate case being opened concerning Counts 6 and 7, and being assessed a second filing fee.

4

**IT IS SO ORDERED.**

**Dated: August 21, 2008.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**