# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEREZ FUNCHES, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No. 07-226-JPG-PMF |
| RACHEL L. EBBERT, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 41). When plaintiff filed this § 1983 action for damages, he raised seven claims pertaining to his prison confinement. Counts 2, 4, and 5 were dismissed following threshold review and Counts 6 and 7 have been severed (Doc. Nos. 8, 47). Counts 1 and 3 remain.

In Count 1, plaintiff seeks damages from defendants Ebbert and McCorkle for a deprivation of his right of access to the courts. Specifically, he claims that they did not afford reasonable access to legal resources so that he could prepare and file a timely petition for a writ of certiorari with the United States Supreme Court. In Count 3, plaintiff seeks damages from defendant Ebbert for interfering with his right to use speech to seek redress of a grievance. Specifically, he claims that she confiscated twelve affidavits regarding living conditions in prison.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The fact presented

are construed in the light most favorable to the non-moving party and all reasonable and justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir.1998).

## Count 1 - Access to Courts

Plaintiff claims that defendants McCorkle and Ebbert deprived him of access to the courts by restricting his access to the prison law library in January, 2006, thereby preventing him from filing a timely petition for a writ of certiorari with the United States Supreme Court. The relevant facts, viewed under the standard described above, may be summarized as follows.

At all relevant times, plaintiff was an inmate at Lawrence Correctional Center. Defendants Ebbert and McCorkle were assigned to work in the prison library and were acting under color of state law. The library at Lawrence Correctional Center is divided into two areas: a main library and a law library. The law library is usually open between 8:00 a.m. and 3:00 p.m. Monday through Friday and can accommodate approximately 20 inmates at one time. The authorized library staff include a librarian, a library technical assistant, a paralegal assistant, and inmates. Some inmates are assigned to "law clerk" work details. Inmate law clerks are authorized to perform research under the supervision of a paralegal assistant.

On November 9, 2005, the Seventh Circuit Court of Appeals announced a decision in plaintiff's federal habeas litigation, denying his request for a certificate of appealability. *Funches v. Hurlich*, No. 05-3322 (7th Cir. 2005). Plaintiff filed a timely motion to withdraw the mandate.

On January 5, 2006, while plaintiff's motion to withdraw the mandate was pending before

the Seventh Circuit Court of Appeals, Lawrence Correctional Center was placed on lockdown. During the lockdown, plaintiff was not able to leave his housing unit to visit the law library.

On January 6, 2006, the Seventh Circuit Court of Appeals issued a decision declining to withdraw its mandate.

On January 10 or 12, 2006, plaintiff had a conversation with defendant Ebbert. Plaintiff advised Ebbert that the Seventh Circuit Court of Appeals had denied his motion to withdraw the mandate and explained that he needed to perform some research in order to learn what to do in order to ask the Supreme Court to evaluate issues in his habeas litigation. Defendant Ebbert advised plaintiff that she was not a lawyer. She suggested that he submit a request slip to visit the law library so he could consult with the inmate workers when the lockdown ended. Plaintiff followed Ebbert's suggestion.

On January 22, 2006, the lockdown ended. Approximately one week later, defendant Ebbert issued a call pass allowing plaintiff to visit the law library for the purpose of proving that he had an approaching court deadline. Ebbert gives inmates priority access to the law library when they can establish approaching court deadlines. Priority access generally results in two-hour visits, twice per week.

On January 31, 2006, plaintiff arrived at the library and spoke with defendant McCorkle. He explained that the Seventh Circuit Court of Appeals had reached its decision in November, 2005, that the Court of Appeals had declined to withdraw its mandate, and that he needed access to the prison law library in order to determine how to take his case to the United States Supreme Court. He explained that he did not know the specific rules for continuing his challenge to his conviction. When defendant McCorkle asked to see the last document plaintiff had received, plaintiff presented his copy of the Seventh Circuit's order denying his request to recall the mandate. That order did not

set forth a specific filing deadline. Defendant McCorkle showed the order to an inmate worker and asked the inmate to help calculate the deadline. She formed the impression that plaintiff needed priority access to the law library because he had an approaching deadline. Both plaintiff and defendant McCorkle thought the next deadline was April 6, 2006. The deadline was miscalculated.

On February 7, 2006, the deadline for plaintiff's petition for a writ of certiorari expired.

On February 22, 2006, plaintiff spent 10-15 minutes in the prison law library.

On February 25, 2006, plaintiff spent approximately two and one-quarter hours in the prison law library. He felt that he needed to perform additional research in order to prepare a meritorious petition for a writ of certiorari.

In March, 2006, plaintiff filed two motions with the United States Supreme Court, seeking extensions of the filing deadline. On April 6, 2006, these requests were denied on the basis that the filing deadline expired before the motions were received.

## I. Deliberate or Intentional Conduct

The defendants argue that the evidence could not support judgment in plaintiff's favor because the conduct attributed to them was unintentional. Plaintiff argues that the defendants were not qualified to perform their assigned duties and that they did not give him enough assistance or provide meaningful access to the United States Supreme Court.

The right of access to the courts does not permit recovery for careless or negligent acts. Rather, the evidence must reveal some active misuse of power. *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995); *Kincaid v. Vail*, 969 F.2d 594, 601-03 (7th Cir. 1992).

The facts outlined above do not indicate that either defendant rejected plaintiff's request for library access knowing that his filing deadline expired on February 7, 2006. Rather, they received

information suggesting that plaintiff needed to perform research so that he could draft a petition prior to April 6, 2006. They allowed library access on a priority basis prior to the expiration of the perceived (yet incorrect) deadline. Neither defendant shielded information or otherwise engaged in conduct that might reasonably be viewed as a deliberate effort to prevent plaintiff from filing a timely petition for a writ of certiorari. At most, the evidence would support a finding of careless or negligent conduct. The evidence could not support a finding that either defendant actively misused authority to regulate plaintiff's library access. Both defendants are entitled to judgment in their favor on Count 1.

## II. Detriment

Defendants also argue that plaintiff cannot rely on his criminal conviction to prove detriment because his criminal conviction still stands. They rely on *Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998). Plaintiff responds that he can satisfy the detriment requirement by showing that he was not able to file a timely petition for a writ of certiorari.

This argument is not adequately developed by a discussion of evidence. Accordingly, it is evaluated as a challenge to the sufficiency of plaintiff's allegations. Dismissal is not warranted, as the facts alleged adequately suggest that plaintiff experienced a legal setback as a result of the limited library time. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

## Retaliation

Defendants seek summary judgment in their favor on plaintiff's retaliation claim. Plaintiff notes that Count 3 is a free speech claim pertaining to his effort to seek redress of a grievance regarding prison conditions.

Plaintiff's retaliation claims (Counts 2 and 4) are no longer before the Court. These claims were dismissed at threshold review (Doc. No. 47). Because the defendants are challenging

dismissed claims, their argument is moot.

## Qualified Immunity

Defendants seek judgment in their favor on the qualified immunity defense. This argument appears to target Count 1. As noted above, the defendants are entitled to judgment in their favor on Count 1. Because there was no constitutional deprivation, the qualified immunity defense is not addressed at this time. *Saucier v. Katz*, 533 U.S. 194, 200 (2001)(only if there is an constitutional deprivation can the Court consider whether the official is entitled to qualified immunity).

## Conclusion

IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. No. 41) be GRANTED in part and declared MOOT in part. At the close of this case, judgment should be entered in favor of both defendants on Count 1. If this recommendation is adopted, Count 3 ( a free speech claim against defendant Ebbert) will remain for jury trial.

**SUBMITTED:  April 21, 2009 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**