# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEREZ FUNCHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 07-cv-226-JPG-PMF |
| | ) |
| RACHEL L. EBBERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 59) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion for summary judgment filed by defendants Ebbert and McCorkle (Doc. 41) to the extent it addresses Count 1.

## I.     Report and Recommendation Review Standard

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.    Report and Objections

Plaintiff Funches, an inmate at Lawrence Correctional Center ("Lawrence"), alleges that defendants Ebbert and McCorkle, who worked in Lawrence's prison law library, deprived him of his right of access to the courts by restricting his access to the prison law library in January 2006.

Funches wanted library access to find out how to file a petition for a writ of *certiorari* to the United States Supreme Court to challenge a Seventh Circuit Court of Appeals November 9, 2005, decision denying his request for a certificate of appealability in a federal *habeas corpus* action. Lawrence went on lockdown on January 5, 2006, and during the lockdown period when Funches informed Ebbert he needed assistance, she told him she could not provide the assistance he needed and he should speak with an inmate law clerk when the lockdown ceased. On January 31, 2006, about a week after Lawrence came off lockdown, Funches showed a court document to defendant McCorkle, who consulted an inmate library worker regarding calculating Funches's deadline to file his petition for *certiorari* and determined the filing deadline was April 6, 2006. McCorkle was wrong; the deadline was actually February 7, 2006. It appears that there may have been some confusion about how two post-decision motions Funches filed with the Court of Appeals affected the way time was counted. After speaking with McCorkle, Funches was allowed approximately two and a half hours in the law library in February 2006, and in March he requested an extension of the April 6, 2006, deadline from the Supreme Court. On April 6, 2006, the Supreme Court denied his request and informed him that his filing deadline had already expired.

The Report found that Ebbert and McCorkle were entitled to summary judgment because there was no evidence from which a reasonable jury could find they deliberately or intentionally misled or hindered Funches's access to the courts. It found that after the defendants calculated Funches's filing deadline, albeit erroneously, they afforded him adequate time in the law library to meet that deadline and that they did not intentionally prevent him from meeting his real deadline.

Funches objects (Doc. 60), arguing that he was denied meaningful access to the courts because the library did not provide adequately trained legal staff to assist him and because the defendants intentionally worked in the library despite knowing they were not trained in the law. He argues Lawrence should have had a trained paralegal working at the library who could have helped him calculate his filing deadline accurately.

The defendants have responded to Funches's objection (Doc. 61), noting that the defendants met the qualifications the Illinois Department of Corrections required for their positions, which did not include legal training or the ability to offer legal advice.

The Court reviews this issue *de novo*.

### III. Analysis

Prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977). This means a prison must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. To prevail in an access to the courts claim, the inmate must show not only that the prison provided inadequate assistance, but also that "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Where a plaintiff claims a defendant interfered with his access to the courts, he must show that the purported interference was intentional. *See Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) ("an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts") (citing *Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995)); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (finding mere isolated incident of negligence in clerk's failing to file

tendered complaint did not rise to the level of a constitutional violation actionable under section 1983).

While the Court certainly sympathizes with Funches, the bottom line is that the evidence does not show that Ebbert or McCorkle violated his constitutional rights by deliberately or intentionally interfering with his right to access the courts. Neither of them acted in a way that interfered with his meeting what the evidence shows they honestly believed was his filing deadline, April 6, 2006, and there is no evidence that the miscalculation of this deadline was anything more than an isolated instance of negligence. While the constitution requires states to provide inmates with resources necessary to petition the courts, *see Bounds*, 430 U.S. at 828, it is not a guarantee against isolated instances of "legal malpractice" or bad advice by prison library staff or their inmate assistants.

Furthermore, to the extent Funches complains that the law library was not staffed with qualified people or that the prison's means of providing legal assistance during lockdown was constitutionally inadequate, there is no evidence Ebbert or McCorkle were responsible for any such shortcomings. Such faults rest with a higher authority than the library staff, which cannot be held liable in the absence of evidence that they were personally involved in decisions causing those shortcomings.

Funches also objects to the Report's omission of any mention of his objection to the severance of defendants Ryker and Walker from this case pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court has thoroughly addressed this issue in prior orders (Docs. 24, 37 & 47) and need not restate its reasoning here.

The Court has reviewed the other portions of the Report to which Funches did not object

and finds that they are not clearly erroneous.  Accordingly, the Court will adopt the Report in its entirety.

## IV.  Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 59) in its entirety;

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 41).  The motion is **GRANTED** to the extent it requests judgment on Count 1 and **DENIED** to the extent it requests judgment on Count 3.  Defendant McCorkle is terminated from this action; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Count 3, a free speech claim against Ebbert, remains for trial.

**IT IS SO ORDERED.**
**DATED:  June 16, 2009**

                                            s/ J. Phil Gilbert
                                            **J. Phil Gilbert**
                                            **UNITED STATES DISTRICT JUDGE**