IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEREZ FUNCHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 07-cv-226-JPG-PMF |
| ) | |
| RACHEL L. EBBERT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Rachel Ebbert's motion for summary judgment (Doc. 84).  Apparently, Ebbert filed this motion relying on an erroneous April 20, 2010, docket entry that stated that the discovery deadline was set for July 9, 2010, and that dispositive motions were due July 30, 2010.  The Court quickly noticed the erroneous entry and the following day terminated the deadlines in the Court's electronic case filing ("ECF") system.  However, notice of the termination of the deadlines was not sent to the parties.  Nevertheless, Ebbert should have known the deadline could not have been correct.  She had already participated in a final pretrial conference in January 2010 (Doc. 80), and the Court had already entered a final pretrial order (Doc. 79).  The deadlines erroneously set by the Court further did not comply with Local Rule 7.1(f) which requires motions for summary judgment be filed no later than 100 days before the first day of the presumptive trial month.  This case is set for trial in September 2010, so under that rule, Ebbert's motion should have been filed by mid-May.  As it is filed now, there is no way the Court can decide the motion before the trial.  Furthermore, the Court appeared to enter the order *sua sponte* without any request from the parties or explanation by the Court.  In light of these procedural and scheduling anomalies, Ebbert would have been

well served to consult ECF's "Deadlines/Hearings" report, which would have revealed the new discovery and dispositive motion deadlines had been terminated, or to call the Court, which would have clarified the matter.  Ebbert has had ample time to file a summary judgment motion within the deadline set by the Court (Doc. 38), and indeed has done so (Doc. 41).  While the Court regrets that Ebbert's counsel has devoted time and energy to an untimely summary judgment motion, the Court believes trying this case is now the most efficient way to resolve it.  It will consider Ebbert's motion as a trial brief.  For these reasons, the Court **DENIES** Ebbert's motion for summary judgment (Doc. 84).

**IT IS SO ORDERED.**
**DATED:  August 4, 2010**

                                              s/ J. Phil Gilbert
                                              **J. Phil Gilbert**
                                              **UNITED STATES DISTRICT JUDGE**